# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KATHLEEN HELLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| INTERNATIONAL COLLECTION ) | |
| AGENCY, L. L. C., and KEN DOE, ) | |
| ) | Jury Trial Demanded |
| Defendants. ) | |
| ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Kathleen Helle (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendants International Collection Agency, L.L.C. (hereinafter "Defendant ICA") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and for-profit limited

liability company organized in Florida, and may be served through its agent for service of process in Tennessee, which is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

6. Defendant Ken Doe (hereinafter "Defendant Ken Doe") is a natural person who is employed by Defendant ICA as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but who cannot presently be served until his true identity is determined.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt on a time-share mortgage allegedly owned and/or serviced by Westgate Resorts, Ltd. (hereinafter "Westgate Resorts").

8. Sometime prior to October 29, 2010, Plaintiff's debt was transferred to Defendants for collection from Plaintiff.

9. Defendant ICA failed to maintain (i.e., actually employ or implement) any procedures reasonably adapted to avoid errors or omissions under the FDCPA during the attempted collection of the debt from Plaintiff.

### *October 29, 2010 Collection Letter*

10. On or about October 29, 2010, Defendant ICA sent Plaintiff a collection letter dated October 29, 2010. A redacted copy of the October 29, 2010 collection letter is filed as Exhibit 1 to this Complaint.

11. The October 29, 2010 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a communication as defined by 15 U.S.C. § 1692a(2).

12. The Plaintiff received the October 29, 2010 collection letter from Defendant ICA no earlier than November 1, 2010.

13. The October 29, 2010 collection letter was printed on the letterhead of Defendant ICA and stated that (a) <u>amount due on the debt was $1,105.06</u> and (b) <u>the creditor to whom the debt is owed was Capital Source 2009 – 1 Receivables</u> (hereinafter referred to as "Capital Source"). (underline added)

14. The October 29, 2010 collection letter further stated that:

> "**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**"
>
> . . .
>
> Your file has been submitted to this agency for collection.
>
> The events leading to this situation gave you ample consideration and opportunity to make voluntary arrangements for payment of our client. Please do not contact our client regarding this debt until the amount has been satisfied in full.
>
> **Unless you notify this agency within 30 days after receiving this notice that you dispute the validity of this debt or any portion therefore, this agency will assume this debt is valid. If you notify this agency in writing within 30 days from receiving this notice, this agency will obtain verification of the debt, or obtain a copy of a judgment against you and mail a copy of such judgment or verification. If you request of this agency in writing within 30 days after receiving this notification, this agency will provide you with the name and address of the original creditor, if different from the current creditor.**
> This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.
>
> Please govern yourself accordingly.
>
> . . .

> This is a communication from a debt collector. International Collection Agency, LLC is attempting to collect a debt on behalf of Capital Source 2009 – 1 Receivables and any information will be used for that purpose."

(bold and all capital letters in original)

### *November 22, 2010 Collection Call*

15. The October 29, 2010 collector letter was the "initial communication" by Defendant ICA with Plaintiff in connection with collection of the debt.

16. Within a year prior to the filing of this Complaint, on or about November 22, 2010, upon information and belief, Defendant ICA made a collection call to Plaintiff's cell phone, which showed up on her caller ID as "UNAVAILABLE".

17. When Plaintiff first answered the November 22, 2010 collection call, there was a 3 to 4 second time period when Plaintiff heard no sound at all, after which she heard a very loud connection, and then a male debt collector, who identified himself only as "Ken from Orlando" (hereinafter referred to as "Defendant Ken Doe"), came on the line.

18. The November 22, 2010 collection call was made in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

19. During the November 22, 2010 collection call, Defendant Ken Doe stated that he was trying to collect a debt for Westgate Resorts.

20. During the November 22, 2010 collection call, Plaintiff asked Defendant Ken Doe how he obtained her cell phone number, and he replied that he received the phone number from Defendant ICA.

21. During the November 22, 2010 collection call, Plaintiff asked Defendant Ken Doe not to call her again on her cell phone, and he replied that he was trying to obtain information and that the phone call may be recorded.

22. During the November 22, 2010 collection call, Defendant Ken Doe stated that the purpose of the call was to assist the Plaintiff and not to harass her.

23. During the November 22, 2010 collection call, Plaintiff told Defendant Ken Doe that any request for information he needed should be placed in writing and mailed to her.

24. During the November 22, 2010 collection call, Plaintiff stated that she had contacted Westgate Resorts and they were unwilling to assist her in any way, either to remove her liability on the contract or lower the interest rate.

25. During the November 22, 2010 collection call, Defendant Ken Doe asked Plaintiff is she was not aware of the interest rate when she signed the contract.

26. During the November 22, 2010 collection call, Plaintiff stated that she called Westgate Resorts within 30 days after signing the contract to request that she be removed from all liability for the contract, thus disputing that she owed the debt.

27. During the November 22, 2010 collection call, Defendant Ken Doe stated that Plaintiff was required to call within 10 days to be removed from any liability under the contract.

28. During the November 22, 2010 collection call, Defendant Ken Doe stated that Plaintiff could call Westgate Resorts and get a copy of the contract for a fee of $10.00.

29. During the November 22, 2010 collection call, Defendant Ken Doe informed Plaintiff that there were other ways to pay the amount and that she was in arrears.

30. During the November 22, 2010 collection call, Defendant Ken Doe suggested that Plaintiff use a lower interest credit card or refinance to pay the debt, and Plaintiff replied that she did not have any credit cards and she was unable to refinance.

31. During the November 22, 2010 collection call, Plaintiff told Defendant Ken Doe that she would either contact Westgate Resorts or contact an attorney to get the matter resolved, and Defendant Ken Doe replied that she should do that.

32. During the November 22, 2010 collection call, Defendant Ken Doe verified Plaintiff's address and attempted to verify her phone number.

33. During the November 22, 2010 collection call, Plaintiff repeated to Defendant Ken Doe that she did not want anyone contacting her on her cell phone and that they could send anything they wanted to by mail.

34. During the November 22, 2010 collection call, Defendant Ken Doe stated that the phone calls would continue until the matter was resolved and that she must place her request that she not be contacted on her cell phone in writing.

35. The November 22, 2010 collection call by Defendant Johnson was a subsequent communication from Defendants to Plaintiff in connection with the collection of the debt.

36. During the November 22, 2010 collection call, Defendant Ken Doe failed to make a meaningful disclosure of his identity or the identity of his employer, in violation of 15 U.S.C. § 1692d(6).

37. The FDCPA states: "Without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate with a consumer in connection with the collection of any debt – (1) at any unusual time or place or a place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).

38. The statement by Defendant Ken Doe in the November 22, 2010 collection call that Plaintiff must place her request that she not be contacted on her cell phone in writing, after Plaintiff had not told him to place any request for information in writing to her and twice placed him on notice that collection calls should not be made to her cell phone, which contact the Plaintiff considered inconvenient, was a false, deceptive, and misleading representation in connection with collection of the debt, in violation of 15 U.S.C. § 1692e, the use of any false representation or deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10), and the use of an unfair means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

### *November 29, 2010 Collection Letter*

39. The October 29, 2010 collector letter was the "initial communication" by Defendant ICA with Plaintiff in connection with collection of the debt.

40. The October 29, 2010 collection letter stated that the creditor for the debt was Capital Source and the amount due on the debt was $1,105.06.

41. On or about November 29, 2010, Defendant ICA sent Plaintiff correspondence including a collection letter dated November 29, 2010. A redacted copy of the November 29, 2010 collection letter is filed as Exhibit 2 to this Complaint.

42. The November 29, 2010 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a communication as defined by 15 U.S.C. § 1692a(2).

43. The November 29, 2010 collection letter was a subsequent communication sent by Defendant ICA in connection with collection of the debt.

44. The November 29, 2010 collection letter was sent to Plaintiff less than 30 days after Plaintiff had received the October 29, 2010 collection letter.

45. The November 29, 2010 collection letter was printed on the letterhead of Defendant ICA and stated that (a) <u>amount due on the debt was $1,481.75</u> and (b) <u>the creditor to whom the debt is owed was Westgate Resorts</u>. (underline added)

46. The November 29, 2010 collection letter also stated:

> "**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**"
> **Your immediate response is requested**
>
> . . .
>
> Previously, you received notification of our required obligation to allow you to dispute the above-reference amount due. As of this date, you have failed to respond. It is imperative that we resolve this matter to avoid further collection efforts.
>
> Regardless of what you might believe, we have a more reasonable alternative for you. Please contact us immediately to discuss your options.
>
> **. . .**
>
> This is an attempt to collect a debt by a debt collector. International Collection Agency, LLC is attempting to collect a debt on behalf of Westgate Resorts. Any information will be used for that purpose."
>
> (bold and all capital letters in original)

### *Failure to Correctly State the Amount of the Debt*
### *Within Five Days After the Initial Communication*

47. The October 29, 2010 collection letter showed an amount due of $1,105.86 and failed to indicate whether the "Amount Due" of $1,105.06 would continue to accrue interest in the interim if no payments were made on the debt, and, if so, the applicable interest rate at which it would accrue.

48. Within five (5) days after the October 29, 2010 initial communication was sent by Defendant ICA to Plaintiff, the Plaintiff had not paid the debt.

49. Within five (5) days after the October 29, 2010 initial communication was sent by Defendant ICA to Plaintiff, Defendant ICA had not sent Plaintiff a written notice containing the correct amount of the debt.

50. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA were not reasonably adapted to avoid failing to send Plaintiff a written notice containing the amount of the debt within five days after the initial communication.

51. By failing to send Plaintiff a written notice containing the amount of the debt within five days after the initial communication with Plaintiff, Defendants failed to state the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

52. By failing to state the total amount due, including interest and other charges, in the October 29, 2010 collection letter, Defendants made a false and misleading representation in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Failure to Correctly State the Name of the Creditor to Whom the Debt is Owed Within Five Days After the Initial Communication*

53. The name of the creditor to whom the debt was allegedly owed was not Capital Source.

54. Defendant ICA Inc.'s October 29, 2010 initial communication stated that it was attempting to collect the debt on behalf of Capital Source

55. Defendant ICA Inc.'s October 29, 2010 initial communication failed to identify the correct name of the creditor to whom the debt was owed.

56. Within five (5) days after the October 29, 2010 initial communication was sent by Defendant ICA to Plaintiff, the Plaintiff had not paid the debt.

57. Within five (5) days after the October 29, 2010 initial communication was sent by Defendant ICA to Plaintiff, the Defendants had not sent Plaintiff a written notice containing the correct name of the creditor to whom the debt was owed.

58. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA were not reasonably adapted to avoid failing to identify or misidentifying the name of the creditor to whom the debt is owed within five days after the initial communication in connection with collection of the debt.

59. By failing to provide Plaintiff the name of the creditor to whom the debt is owed within five days after the initial communication, Defendants violated 15 U.S.C. § 1692g(a)(2).

### *Failure to Effectively Convey the Validation Notice*

60. The language in the November 29, 2010 collection letter, including, "Previously, you received notification of our required obligation to allow you to dispute the above-reference amount due. As of this date, you have failed to respond. It is imperative that we resolve this matter to avoid further collection efforts", which was sent by Defendant ICA within the 30-day period after receipt by Plaintiff of the October 29, 2010 initial communication which provided the Plaintiff notice of her right to dispute and request verification of the debt, advanced a threat of legal action, and when combined with two collection letters that included different amounts of debt and different creditors owed

failed to effectively convey the Plaintiff's validation notice, in violation of 15 U.S.C. § 1692g(a).

61. Any procedures maintained (i.e., actually employed or implemented) by Defendant ICA to avoid errors under the FDCPA were not reasonably adapted to avoid making a threat of legal action in a separate collection letter sent within the 30-day time period provided in the initial written communication which provided Plaintiff's validation notice.

62. The language in the November 29, 2010 collection letter, including, "Previously, you received notification of our required obligation to allow you to dispute the above-reference amount due. As of this date, you have failed to respond. It is imperative that we resolve this matter to avoid further collection efforts", which was sent by Defendant ICA within the 30-day period after receipt by Plaintiff of the October 29, 2010 initial communication which provided the Plaintiff notice of her right to dispute and request verification of the debt, would make the least sophisticated consumer confused and/or uncertain as to her rights to dispute and obtain verification of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and both overshadowed and was inconsistent with the Plaintiff's right to dispute the debt within the 30-day period, in violation of 15 U.S.C. § 1692g(b).

63. Any procedures maintained (i.e., actually employed or implemented) by Defendant ICA to avoid errors under the FDCPA were not reasonably adapted to avoid making the least sophisticated consumer confused and/or uncertain as to her rights to dispute and obtain verification of the debt or to request the name and address of the original creditor, within the 30-day time periods provided under 15 U.S.C. § 1692g(a).

64. Any procedures maintained (i.e., actually employed or implemented) by Defendant ICA to avoid errors under the FDCPA were not reasonably adapted to avoid sending out collection letters that both overshadowed and were inconsistent with the Plaintiff's rights to dispute and obtain verification of the debt or to request the name and address of the original creditor, within the 30-day time periods provided under 15 U.S.C. § 1692g(a).

### *February 24, 2011 Collection Letter*

65. On or about February 24, 2011, Defendant ICA sent Plaintiff correspondence including a collection letter dated February 24, 2011. A redacted copy of the February 24, 2011 collection letter is filed as Exhibit 3 to this Complaint.

66. The February 24, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a communication as defined by 15 U.S.C. § 1692a(2).

67. The February 24, 2011 collection letter was a subsequent communication sent by Defendant ICA in connection with collection of the debt.

68. The February 24, 2011 collection letter was printed on the letterhead of Defendant ICA and stated that (a) <u>amount due on the debt was $2,260.13</u> and (b) <u>the creditor to whom the debt is owed was Westgate Resorts</u>. (underline added)

69. The February 24, 2011 collection letter also stated:

> "**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**"
> **Your immediate response is requested**
>
> . . .
>
> Previous attempts to resolve your obligation in the above-referenced amount due have not resulted in a complete resolution in curing the outstanding balance. It is important that we resolve this matter.
>
> **. . .**

> This is an attempt to collect a debt by a debt collector. International Collection Agency, LLC is attempting to collect a debt on behalf of Westgate Resorts. Any information will be used for that purpose."

(bold and all capital letters in original)

### *Summary*

70. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

71. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Ken Doe and any other debt collectors hired by Defendant ICA to collect the debt from Plaintiff as agents for Defendant ICA and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant ICA.

72. The acts and omissions by Defendant Ken Doe and any other debt collectors hired by Defendant ICA to collect the debt from Plaintiff were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant ICA in collecting consumer debts.

73. By committing these acts and omissions against Plaintiff, Defendant Ken Doe and any other debt collectors hired by Defendant ICA to collect the debt from Plaintiff were motivated to benefit their principal, Defendant ICA.

74. Defendant ICA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of

federal law by the debt collectors employed as agents by Defendant ICA including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

75. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

76. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

77. The foregoing acts and omissions of the Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

78. As a result of the Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

11/03/11                                       Respectfully submitted,

**KATHLEEN HELLE**


/s/      Alan C. Lee
Alan C. Lee, Esq., BPR #012700
Attorney for Plaintiff
PO Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, Plaintiff Kathleen Helle, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: _Nov. 1_, 2011.

By: _____
Kathleen Helle